This action is brought after the act of 1820 had repealed the act of 1796, but the alleged cause of action happened before that time, and while the act of 1796 was in full force, and if it can be sustained it must be upon one or the other of these acts, or upon both of them, for at common law the removal complained of was no offense. I think it cannot be sustained upon the act of 1796, because the act of 1820 totally repeals it, and it would seem equally clear that it could not be sustained upon the act of 1820, because the alleged cause of action happened before its passage, and I should think it could not rest upon both acts for its support, because only the act of 1820 was in force at the time of the institution of this suit.
In addition to these considerations, it may be observed that which would amount to an offense under the act of 1796 would be no offense under the act of 1820; and that which is an offense under the act of 1820 would not have been an offense under the act of 1796. Thus, if before the act of 1820, one person had assisted another to move out of the county with the most wicked and fraudulent intent, yet if he had given due notice thereof as the law directs, he was guilty of no offense for which an action could be sustained; but if such notice was not given, he subjected himself to an action, however innocently the act was done. Under the act of 1820 the person doing the act is only answerable if he does it with a fraudulent intent; notice is immaterial. Under the first act the intent was nothing if due notice was given; under the last act the intent is everything, whether notice be given or not. A new trial, I think, should be refused.